IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| RANGERS BASEBALL DEVELOPMENT LLC; BALLPARK PARKING PARTNERS LLC; and RANGERS BASEBALL EXPRESS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ARLINGTON BALLPARK DISTRICT HOLDING COMPANY INVESTORS, LLC,<br><br>Defendant. | CIVIL ACTION NO. 4:24-cv-00376 |

## NOTICE OF REMOVAL

Under the standards set forth in 28 U.S.C. § 1441 and § 1446, and in accordance with 28 U.S.C. § 1332, Defendant Arlington Ballpark District Holding Company Investors, LLC ("ABDHC" or "Defendant"), by its attorneys, files this Notice of Removal to the United States District Court for the Northern District of Texas, Fort Worth Division. This case is removable because the parties are completely diverse and the amount in controversy exceeds $75,000. In support of this removal, Defendant ABDHC respectfully states as follows:

### STATEMENT OF THE STATE COURT ACTION

1. On November 13, 2023, Plaintiffs Rangers Baseball Development LLC ("RBD"), Ballpark Parking Partners LLC ("BPP") and Rangers Baseball Express LLC ("RBE") collectively ("Rangers" or "Plaintiffs") commenced an action in the District Court for the 153rd Judicial District, Tarrant County, Texas, which was assigned cause number 153-348073-23 (the "State Court Action").

NOTICE OF REMOVAL - Page 1

2.     In accordance with 28 U.S.C. § 1446(a) and Local Rule 81.1(a)(4), attached hereto as Exhibit A is a completed Civil Cover Sheet.  Attached hereto as Exhibit B is a Supplemental Cover Sheet.  Attached hereto as Exhibit C is an index of all documents that identifies each document and the date it was filed in the State Court Action.  Attached hereto as Exhibit D is a copy of the docket sheet in the State Court Action.  Attached hereto as Exhibit E is a packet containing a copy of each document filed in the State Court Action, including the State Court Petition and excluding discovery material (of which ABDHC is aware of none).  Attached hereto as Exhibit F is a separately signed certificate of interested persons that complies with Local Rule 3.1(c) or 3.2(e).  Attached hereto as Exhibit G is a Standstill Agreement reached by the parties, the contents of which are described in further detail in Paragraph 4, *infra*.

3.     On December 5, 2023, ABDHC was served with the State Court Petition. ABDHC is the only defendant named in the State Court Action, and ABDHC consents to removal.

4.     On December 13, 2023, and as part of an effort to resolve this dispute, the parties executed a Standstill Agreement, which is attached to this Notice as Exhibit G. Under the Standstill Agreement, the parties agreed that, during the length of the standstill, neither side would "initiate arbitration, file additional litigation, nor amend, respond to, or answer the existing litigation." They further agreed that neither side waived any procedural or substantive rights by failing to take action during the standstill, including ABDHC's right to remove this action to federal court:

> In the event that [ABDHC] removes the Rangers' action to federal court on the expiration of the standstill (the Rangers hereby agree they will not take any action to preclude such removal), the Rangers voluntarily and

NOTICE OF REMOVAL - Page 2

> intentionally relinquish their rights to move to remand the action to state court on the ground that the action was not removed within 30 days after the receipt by [ABDHC] (or by any related person or entity) of a copy of the Rangers' initial pleading.

The parties' Standstill Agreement does not affect the Court's removal jurisdiction over this action. *See, e.g.*, *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) ("But the time limitation for removal is not jurisdictional; it is merely modal and formal and may be waived.")

## GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

5. This Court has original diversity jurisdiction over this action under 28 U.S.C. § 1332.

6. First, this is an action between citizens of different States:

   a. Defendant ABDHC is an LLC, so its citizenship for purposes of diversity jurisdiction is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). Each of ABDHC's members is a citizen of Maryland[1];

   b. Plaintiffs RBD, BPP, and RBE are each LLCs. To the best of Defendant ABDHC's knowledge, information, and belief after a diligent search through all publicly available sources, none of the members of Plaintiffs RBD, BPP, RBE is a citizen of Maryland;

---

[1] One or more of Defendant's members is a trust. For purposes of determining the citizenship of the trust, Defendant relies on the approach adopted by the Fifth Circuit, which looks to the citizenship of the trustee. *Mullins v. TestAmerica Inc.*, 564 F.3d 386, 397 & n.6 (5th Cir. 2009). Each relevant trustee here is a citizen of Maryland.

    c. Thus, Defendant ABDHC and Plaintiffs RBD, BPP, and RBE are citizens of different States, and Defendant ABDHC is not a citizen of the state in which the removed action was brought;

    d. Accordingly, complete diversity of citizenship exists, both at the time of the commencement of the State Court Action and as of this removal.

7. Second, this is an action in which the amount in controversy exceeds $75,000.

    a. Plaintiffs' initial petition seeks nonmonetary relief (*see* Petition (Exh. E) at ¶¶ 14, 23–32), so Defendants assert the amount in controversy as follows, *see* 28 U.S.C. § 1446(c)(2)(A)(i).

    b. Plaintiffs RBD, BPP, and RBE seek a declaration as to their rights and obligations under an agreement—the Master Development Plan Agreement—which Plaintiffs allege "permits the Rangers to develop and/or sell or otherwise transfer any and all 'Property.'" The "Property" referenced in the MDPA, as well as the associated development rights, are the object of this litigation and are worth several hundreds of millions of dollars—thus exceeding the $75,000 jurisdictional threshold set forth in § 1332.

## VENUE

8. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because it includes the place in which the State Court Action is pending.

## TIMELINESS OF REMOVAL

9. This Notice of Removal is filed more than thirty days after the first receipt of the Petition, pursuant to the parties' Standstill Agreement. *See* Exhibit G; 28 U.S.C.

§ 1446(b); *supra* ¶ 4. Moreover, this case was not commenced more than one year ago. *See* 28 U.S.C. § 1446(c)(1).

## NOTICE OF REMOVAL GIVEN TO THE STATE COURT

10. Promptly after filing this notice, Defendant will serve this notice on counsel for Plaintiff and will file copies of the Notice of Filing and this notice with the 153rd Judicial District Court, Tarrant County, Texas, as required by 28 U.S.C. § 1446(d).

## COMPLIANCE WITH LOCAL RULE 81.1

11. By virtue of the attachments to this Notice of Removal, ABDHC has complied with all requirements of Local Rule 81.1.

## CONCLUSION

For these reasons, Defendant ABDHC respectfully requests that the State Court Action be removed from the 153rd Judicial District Court, Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division.

DATED:  April 26, 2024 	Respectfully submitted,


              By : */s/ Robert C. Walters*
                Robert C. Walters, PC
                 State Bar No. 20820300
                 Telephone: (214) 727-2466

                Russell Falconer
                 State Bar No. 24069695

                Patrick A. Vickery
                 State Bar No. 24115905

                GIBSON, DUNN & CRUTCHER LLP
                2001 Ross Avenue, Suite 2100
                Dallas, Texas 75201-2923
                Telephone: (214) 698-3100
                Facsimile: (214) 571-2900
                rwalters@gibsondunn.com
                rfalconer@gibsondunn.com
                pvickery@gibsondunn.com

                *Counsel for Defendant Arlington*
                *Ballpark District Holding Company*
                *Investors, LLC*

## CERTIFICATE OF SERVICE

    I certify that a true and correct copy of this Notice of Removal has been served on Plaintiffs' counsel by certified mail, return receipt requested, and by email and facsimile on this 26th day of April, 2024.

                                                */s/ Patrick A. Vickery*
                                                Patrick A. Vickery